**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHRISTIAN LOPEZ-PEREZ,

Petitioner,

v. No. 1:26-cv-02645-MLG-LF

MELISSA ORTIZ, in her official capacity as Acting Warden of Torrance County Detention Facility; WILLIAM SHAW, in his official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, United States Immigration and Customs Enforcement; MARCOS CHARLES, in his official capacity as Acting Executive Associate Director of Enforcement and Removal Operations; TODD M. LYONS, in his official capacity as Director of United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of United States Department of Homeland Security; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING PETITIONER'S IMMEDIATE RELEASE**

This matter is before the Court on Petitioner Christian Lopez-Perez's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Doc. 1. The Court, having considered the Petition, having held a hearing on September 18, 2026, and being otherwise fully informed, finds that it is well-taken and should be granted.

For the reasons stated on the record during the September 18, 2026, hearing, and incorporating the holdings and reasoning provided in *Santillan Quiroz v. Mullin*, 180 F.4th 1226

(10th Cir. 2026) and *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287 (D.N.M. 2025), the Court grants the Petition and orders immediate release.[1]

Lopez-Perez shall be released within forty-eight hours of the entry of this Order. He shall be released with all personal property and identification documentation that he possessed on his person when detained by Respondents in January 2026 along with a copy of this Order.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

[1] In habeas corpus proceedings, "a federal court 'possesses power to grant any form of relief necessary to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (emphasis omitted) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release.").